UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

**CIVIL ACTION NO. 05-102-JBC**

**GEORGE W. JARRETT,**   **PLAINTIFF,**

**V.**   **MEMORANDUM OPINION AND ORDER**

**DURO-MED INDUSTRIES, ET AL.,**   **DEFENDANTS.**

\* \* \* \* \* \* \* \* \* \*

This matter is before the court on the motion of the defendant, Lexington Transit Authority ("Lextran"), to amend the court's July 20, 2006, order dismissing it with prejudice from this case (DE 62). The plaintiff has brought claims against a number of defendants, including Lextran, for wrongful death and personal injury. Lextran's purported liability was based on a respondeat superior theory, but, in the July 20, 2006, order, the court held as a matter of law that no agency relationship existed that was sufficient to hold Lextran liable for the torts asserted by the plaintiff. On August 4, 2006, Lextran filed the current motion requesting that the court amend the July 20, 2006, order to make it a final and appealable judgment in Lextran's favor.

Although Lextran has styled the motion as one to amend an order of dismissal, the court construes it as a motion for a final judgment and certification for appeal pursuant to Fed. R. Civ. P. 54(b). Rule 54(b) provides that, "when multiple parties are involved [in an action], the court may direct the entry of a final judgment as to one or more but fewer than all of the . . . parties only upon an

express determination that there is no just reason for delay and upon an express direction for the entry of judgment." Thus, Rule 54(b) requires a district court to: (1) expressly direct the entry of final judgment as to one or more but fewer than all the claims or parties in a case; and (2) expressly determine that there is no just reason to delay appellate review. *Downie v. City of Middleburg Heights*, 301 F.3d 688, 693 (6th Cir. 2002); *Gen. Acquisition, Inc. v. GenCorp, Inc.*, 23 F.3d 1022, 1026 (6th Cir. 1994). The Rule attempts to strike a balance between the undesirability of piecemeal appeals and the need for making review available at a time that best serves the needs of the parties. *Akers v. Alvey*, 338 F.3d 491, 495 (6th Cir. 2003) (quoting *Corrosioneering, Inc. v. Thyssen Envtl. Sys., Inc.*, 807 F.2d 1279, 1282 (6th Cir. 1986)). Although the determination of whether to allow for an appeal pursuant to Rule 54(b) is a matter left to the discretion of the trial court, *see Akers*, 338 F.3d at 495, Rule 54(b) is not to be used routinely or as a courtesy or accommodation to counsel. *Local Union No. 1812, United Mine Workers of America v. BethEnergy Mines, Inc.*, 992 F.2d 569, 572 (6th Cir. 1993); *Corrosioneering*, 807 F.2d at 1282.

Before a district court can direct an entry of judgment, it must first find that the case includes either multiple claims or multiple parties and that either one or more but fewer than all the claims have been decided or that all the rights and liabilities of at least one party have been adjudicated. 10 Wright & Miller, *Federal Practice and Procedure* § 2655, 2656. If so, the question then becomes whether

there is "no just reason for delay."  In resolving this issue, a district court must do more than just recite the Rule 54(b) formula of "no just reason for delay."  *Corrosioneering*, 807 F.2d at 1282.  Rather, a district court is required to consider a variety of factors to determine whether Rule 54(b) certification is proper, including: (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that appellate review may be mooted by future developments; (3) the possibility that the appellate court may have to consider the same issue twice; and (4) the costs of the delay.  *Local Union No. 1812*, 992 F.2d at 572 (citing *Solomon v. Aetna Life Ins. Co.*, 782 F.2d 58, 61 n.2 (6th Cir. 1986)).

Since all of the plaintiff's claims against Lextran in this case have been dismissed with prejudice, the court must consider the above-described factors in determining whether certification for appeal is proper.  The plaintiff asserted liability against Lextran on a respondeat superior basis.  Thus, while the claims against Lextran were not necessarily intertwined with those against the other parties in this action, they were, at the very least, related to those allegations.  Further, if the court or a jury were to later determine that the American Red Cross, Bluegrass Area Chapter/Wheels ("ARC") is not liable on the plaintiff's claims against it, then an interlocutory appeal of the issue of Lextran's vicarious liability would become moot.  Finally, an allowance of time for an appeal would unduly delay the case and, since the claims against Lextran have been resolved, refusing to make Lextran's dismissal final and appealable would only minimally prejudice Lextran.  The interests of

judicial economy weigh in favor of denying Lextran's request for certification pursuant to Fed. R. Civ. P. 54(b).  Accordingly,

**IT IS ORDERED** that the defendant Lextran's motion (DE 62) is **DENIED**.

Signed on November 27, 2006

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY