UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

**CIVIL ACTION NO. 05-102-JBC**

**GEORGE W. JARRETT,**                                                              **PLAINTIFF,**

**V.**               **MEMORANDUM OPINION AND ORDER**

**DURO-MED INDUSTRIES, ET AL.,**                                      **DEFENDANTS.**

\* \* \* \* \* \* \* \* \* \*

This matter is before the court on the defendant Duro-Med Industries' ("Duro-Med") motion for summary judgment (DE 64); and the defendant Grogan's, Inc.'s ("Grogan's") renewed motion for summary judgment (DE 66). The court, having reviewed the record and being otherwise sufficiently advised, will deny both motions.

**I. Factual Background**

This action arises from an accident suffered by the decedent, Rose Jarrett ("Jarrett"), involving a transport wheelchair she purchased from Grogan's on or about October 7, 2003. Grogan's had previously purchased the transport wheelchair at issue from Duro-Med on an unknown date. The transport wheelchair was allegedly manufactured by ENSD Corporation a/k/a Medex Care Co., Ltd. ("ENSD") and then sold to Duro-Med. At the time Jarrett purchased the transport wheelchair, a Grogan's employee removed it from its original packaging and demonstrated how to operate it properly.

At some point before February 25, 2004, Jarrett brought the subject

transport wheelchair back to Grogan's to request a replacement right wheel brake. Jarrett's son, George Jarrett ("Plaintiff"), accompanied her on this visit to Grogan's. Plaintiff and Jarrett claimed that the right wheel brake on the transport wheelchair was damaged when it was engaged by an employee of The American National Red Cross d/b/a American Red Cross Wheels ("Wheels") and was rendered defective as a result. Grogan's informed Plaintiff and Jarrett that it did not have a replacement transport wheelchair or brake, and, on or about February 25, 2004, Plaintiff removed the allegedly defective right wheel brake from Jarrett's transport wheelchair. Jarrett continued to use the transport wheelchair without the right wheel brake in place.

On March 6, 2004, Jarrett was in the process of being transported to her dialysis treatment by Carl Wayne Wilson ("Wilson"), a Wheels employee, when Wilson allegedly lost control of Jarrett's transport wheelchair, causing her to fall onto her driveway. Jarrett was then transported to St. Joseph's Hospital in Lexington, Kentucky, to receive treatment for the injuries that she sustained in the fall. Jarrett remained in the hospital until her death on March 23, 2004.

Plaintiff originally filed this action in Fayette Circuit Court, alleging claims for negligence, products liability, breach of warranty, and wrongful death against several defendants, including Duro-Med, Grogan's, and Wheels. Wheels subsequently removed the case to this court on March 23, 2005. On December 19, 2005, Plaintiff amended his complaint to add ENSD as a defendant, and

Plaintiff successfully served ENSD, which is a foreign corporation based in China, on May 8, 2006. At the time of this order's entry, ENSD has yet to file an answer or any other pleading in this action.

**II. Standard of Review**

When considering a motion for summary judgment, the Court must determine that there are "no genuine issues as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corporation v. Catrett*, 477 U.S. 317, 322 (1986). A court must look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial. *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The significant question is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-53 (1986).

**III. Legal Analysis**

Both Duro-Med and Grogan's claim that they are entitled to summary judgment based on KRS § 411.340, Kentucky's "middleman" statute. Duro-Med

3

also argues that, even if the court finds that the middleman statute is inapplicable, Plaintiff's claims against it are barred pursuant to KRS § 411.320. Finally, Grogan's contends that it cannot be held liable on Plaintiff's claim that it failed to warn Plaintiff and Jarrett of the unreasonably dangerous condition of the transport wheelchair after the right wheel brake became defective and was removed. The court will consider each of these arguments in turn.

### A. KRS § 411.340

KRS § 411.340 provides as follows:

> In any product liability action, if the manufacturer is identified and subject to the jurisdiction of the court, a wholesaler, distributor, or retailer who distributes or sells a product, upon his showing by a preponderance of the evidence that said product was sold by him in its original manufactured condition or package . . . shall not be liable to the plaintiff for damages arising solely from the distribution or sale of such product, unless such wholesaler, distributor, or retailer breached an express warranty or knew or should have known at the time of distribution or sale of such product that the product was in a defective condition, unreasonably dangerous to the user or consumer.

Thus, before the middleman statute will protect a distributor or seller, two predicates must be satisfied: (1) the manufacturer must be identified and subject to the court's jurisdiction; and (2) the product sold by the distributor or seller must have been unaltered from its original manufactured condition. *Salisbury v. Purdue Pharma, L.P.*, 166 F. Supp. 2d 546, 551 (E.D. Ky. 2001).

As to the first predicate of Section 411.340, the defendants assert that the manufacturer of the product, ENSD, is now identified. Because ENSD has been properly served and has failed to file an answer or any other responsive pleading,

4

Duro-Med and Grogan's further claim that ENSD is now in default and is therefore barred from challenging this court's jurisdiction over its person. Plaintiff disputes this contention and argues that, without a judicial determination of this court's personal jurisdiction over ENSD, Section 411.340 is inapplicable.

The defendants have failed to show, as a matter of law, that this court has personal jurisdiction over ENSD. While the parties agree that ENSD has been served with process, a service-of-process statute cannot confer in personam jurisdiction which would contravene due process. *McDaniel v. Joseph*, 409 F. Supp. 1003, 1004 (W.D. Pa. 1976); *see also* 16 James Wm. Moore et al., *Moore's Federal Practice* § 108.123[1] (3d ed. 2006) ("Service alone does not confer jurisdiction."). Rather, a court's exercise of personal jurisdiction over a non-resident defendant is appropriate only if it meets the state's long-arm statute and constitutional due process requirements. *Intera Corp. v. Henderson*, 428 F.3d 605, 615 (6th Cir. 2005). Even assuming that ENSD, a Chinese corporation, is the manufacturer of Jarrett's transport wheelchair (a fact Plaintiff contests), the parties have presented no evidence, aside from vague claims that ENSD placed its products in the "stream of commerce," from which the court could conclude that it possesses in personam jurisdiction over ENSD.

The defendants' main argument in support of their allegation of jurisdiction is that ENSD is in default and has yet to show any intent to challenge this court's jurisdiction over it. However, lack of personal jurisdiction provides a meritorious

5

defense to a plaintiff's action and provides good cause for setting aside an entry of default. *Marcantonio v. Primorsk Shipping Co.,* 206 F. Supp. 2d 54, 60 (D. Mass. 2002); *Jones v. Davey,* 702 F. Supp. 752, 754 (E.D. Mo. 1988).  Thus, any default by ENSD is irrelevant in determining this court's jurisdiction over ENSD because ENSD would be permitted to challenge such jurisdiction even if a default judgment were entered against it in this case.  It would be manifestly unfair for the court to grant the motions of Duro-Med and Grogan's based on an apparent default by ENSD only to have ENSD later overturn a judgment against it on jurisdictional grounds, leaving Plaintiff with no remedy against any of these three defendants.

The defendants' claim that ENSD has shown no inclination to dispute this court's jurisdiction over it is equally unavailing.  It is the movants' burden on a summary judgment motion to show that there is no genuine issue of material fact.  The defendants' assertion that ENSD has not yet claimed that this court lacks jurisdiction over its person falls well short of this standard.

Since the court finds that the first predicate of KRS § 411.340 has not been met, it need go no further to conclude that that statute is inapplicable.  The court will therefore deny the motions for summary judgment filed by Duro-Med and Grogan's as to that ground.[1]

---

[1] In its reply brief, Grogan's notes the plaintiff's apparent allegations that Duro-Med may be the manufacturer of the transport wheelchair at issue, *see* DE 80, at 11, and argues that, if Duro-Med is the manufacturer of this product, Grogan's is still entitled to judgment as a matter of law pursuant to KRS § 411.340.  As none of the parties have presented evidence that would show as a matter of law that Duro-Med is the manufacturer of Jarrett's transport wheelchair,

*B. KRS § 411.320*

KRS § 411.320(2) provides that, "[i]n any product liability action, if the plaintiff performed an unauthorized alteration or an unauthorized modification, and such alteration or modification was a substantial cause of the occurrence that caused injury or damage to the plaintiff, the defendant shall not be liable whether or not said defendant was at fault or the product was defective." Duro-Med argues that Plaintiff's removal of the right wheel brake from the transport wheelchair constitutes an "unauthorized modification" under Section 411.320(2) that bars the Plaintiff from recovery against Duro-Med in this action.

Before proceeding to the merits of Duro-Med's arguments on this issue, the court notes that there appears to be some uncertainty as to the validity of KRS § 411.320 in light of Kentucky's adoption of comparative negligence in tort actions. KRS § 411.182, Kentucky's comparative fault statute, provides, "[i]n all tort actions, *including products liability actions*, involving the fault of more than one (1) party to the action, . . . the court . . . shall make findings indicating . . . the percentage of the total fault of all the parties to each claim that is allocated to each claimant" (emphasis added). In *Smith v. Louis Berkman Co.*, 894 F. Supp. 1084, 1090-91 (W.D. Ky. 1995), the District Court for the Western District of Kentucky found, as a matter of first impression, that Section 411.182 repealed Section 411.320 by implication, as Section 411.182 was enacted ten years after Section

---

the court will deny Grogan's motion for summary judgment on this alternative ground as well.

411.320 and the two statutes were irreconcilable.

*Smith* was followed by *Caterpillar, Inc. v. Brock*, 915 S.W.2d 751, 753 (Ky. 1996), in which the Kentucky Supreme Court held that KRS § 411.320(1) was impliedly repealed by KRS § 411.182; the Court did not explicitly say what effect, if any, Section 411.182 had on KRS § 411.320(2) and (3) and did not cite *Smith*. A little over a year after *Caterpillar* was decided, however, the Kentucky Supreme Court determined that a plaintiff's products liability action was barred by Section 411.320(2) based on the fact that the plaintiff "altered or modified" the products at issue. *Monsanto Co. v. Reed*, 950 S.W.2d 811, 814-15 (Ky. 1997). The Kentucky Supreme Court did not refer to *Caterpillar* or *Smith* in its opinion in *Monsanto*, but it cited the recently repealed Section 411.320(1) with apparent approval. *Id.* at 814. Moreover, the Kentucky Supreme Court subsequently stated that "[it had] held in *Caterpillar* that [KRS § 411.182] impliedly repealed the contributory negligence provision in KRS § 411.320(3) . . . ." *DeStock No. 14, Inc. v. Logsdon*, 993 S.W.2d 952, 958 (Ky. 1999). As previously noted, however, *Caterpillar* dealt with Section 411.320(1), not Section 411.320(3).

More recently, the Kentucky high court, citing *Caterpillar* and *DeStock* but not *Smith* or *Monsanto*, re-affirmed that KRS § 411.182 had indeed repealed KRS § 411.320(3) by implication. *Owens Corning Fiberglass Corp. v. Parrish*, 58 S.W.3d 467, 474 (Ky. 2001). Finally, this court only three months ago stated, in an unpublished opinion, that "KRS § 411.320(1) was neither negated nor overruled

by KRS § 411.182(1)."  *Wells v. Portman Equip. Co.*, Civ. A. No. 5:05-183-JMH, 2006 WL 3328160, at *2 (E.D. Ky. Nov. 15, 2006).  In doing so, this court relied on *Owens Corning* and *Monsanto* but did not refer to *Caterpillar*, in which the Kentucky Supreme Court reached the opposite conclusion.

In sum, every subpart of KRS § 411.320 has, at one time or another, been held inoperative by either a state or federal court as inconsistent with Kentucky's adoption of comparative fault.  Yet with the exception of subsection (3), each subpart of that statute has been cited in a later decision as a ground for barring a products liability plaintiff's claim without any attempt to distinguish – indeed, without any reference at all to – the earlier opinions that rendered these subparts invalid.  Thus, the legal relevance of KRS § 411.320(1) and (2), the latter being the subsection on which Duro-Med relies in its motion for summary judgment, is apparently an open question at this point.[2]

Ultimately, this question is one that the court need not resolve because, even assuming that KRS § 411.320(2) is valid in the wake of *Smith*, *Caterpillar*, and *Owens Corning*, Duro-Med is not entitled to summary judgment based on its provisions.  While Duro-Med claims that Plaintiff's removal of the right wheel brake

---

[2] Despite the Kentucky Supreme Court's opinion in *Monsanto*, at least one commentator has opined that, because KRS § 411.320(1) and (3) have been invalidated by the Kentucky Supreme Court and KRS § 411.320(2) shares the same rationale as those subparts, KRS § 411.320(2) should "suffer the same fate if challenged."  13 David J. Leibson, *Ky. Prac. Tort Law* § 10.57 (2006).  Clearly, the continued validity of the entirety of KRS § 411.320 is a matter that requires clarification from the Kentucky General Assembly or Supreme Court.

9

is an "unauthorized modification" that bars him from recovery under Section 411.320(2), Plaintiff responds that the right wheel brake was defective and that this defect prompted him to remove the brake from Jarrett's transport wheelchair. Indeed, for the purposes of the current motion, Duro-Med does not dispute that the right wheel brake of the transport chair was defective.

A similar situation was presented in *Kanawha Steel & Equip. Co. v. Dorsey Trailers, Inc.*, 662 F. Supp. 131 (E.D. Ky. 1987), *rev'd on other grounds*, 856 F.2d 780 (1988). In that case, two manufacturer defendants asserted that they were protected from liability by Section 411.320(2) because the plaintiff had made alterations to the product at issue before the accident in question occurred. The court disagreed and found that, because the plaintiff presented evidence that an inherent product defect was to blame for the product's failure, the plaintiff's modifications were not "a substantial cause of the accident." *Id.* at 137.

The parties do not dispute that the right wheel brake was defective for the purposes of this motion. It follows from this that the defective brake would have been of little or no avail in preventing Jarrett's accident even if it had been attached to her transport wheelchair. Based on *Kanawha*, the court cannot say as a matter of law that Plaintiff's alterations were a substantial cause of Jarrett's accident. The court will therefore deny Duro-Med's motion for summary judgment.

*C. Failure to Warn*

Grogan's has also moved for summary judgment on Plaintiff's claim that

Grogan's negligently failed to warn Jarrett of the dangerous condition of her transport wheelchair once Grogan's became aware that the chair's right wheel brake was inoperative. It is undisputed that Plaintiff brought Jarrett's transport wheelchair to Grogan's sometime before February 25, 2004, for the purpose of purchasing a substitute brake to replace the wheelchair's allegedly defective right wheel brake. It is also undisputed that Grogan's informed Jarrett that it did not have a replacement brake for the transport wheelchair and that Grogan's did not warn Jarrett or Plaintiff that the wheelchair may be in a dangerous condition without a functional right wheel brake. Nonetheless, Grogan's claims that no warning was necessary because Plaintiff and Jarrett were or should have been aware that the transport wheelchair, absent a functional right wheel brake, posed a risk of harm to Jarrett.

In claiming that Grogan's had a duty to warn Jarrett of the danger posed by her wheelchair without an operative right wheel brake, Plaintiff relies on the Restatement (Third) of Torts: Products Liability § 10. This section, which deals specifically with a product seller's failure to warn after a product has already been sold, provides as follows:

> (a) One engaged in the business of selling or otherwise distributing products is subject to liability for harm to persons or property caused by the seller's failure to provide a warning after the time of sale or distribution of a product if a reasonable person in the seller's position would provide such a warning.
> (b) A reasonable person in the seller's position would provide a warning after the time of sale if:
> (1) the seller knows or reasonably should know that the product poses

11

> a substantial risk of harm . . .; and
> (2) those to whom a warning might be provided can be identified and can reasonably be assumed to be unaware of the risk of harm; and
> (3) a warning can be effectively communicated to and acted on by those to whom a warning might be provided; and
> (4) the risk of harm is sufficiently great to justify the burden of providing a warning.

Based on Section 10 of the Restatement, a jury could reasonably conclude that Grogan's was under a duty to warn Jarrett of the potential dangers posed by operating her transport wheelchair with only one workable brake. A reasonable juror could find that the warning could have been effectively communicated to Jarrett and Plaintiff when they returned the subject wheelchair to Grogan's, and that the risk of harm (i.e., injury or death) was sufficiently serious to justify a warning. A reasonable juror could also find that Grogan's knew or should have known that Jarrett's transport wheelchair posed a "substantial risk of harm" to her without an operational right wheel brake. Finally, while Grogan's asserts that Plaintiff and Jarrett were clearly aware that the transport wheelchair's right wheel brake was defective when they attempted to return it, a reasonable juror could find that neither Jarrett nor Plaintiff understood that this defect posed a substantial risk of harm as a matter of law, even if they were so aware. Because genuine factual issues exist as to whether Grogan's should have provided a warning to Plaintiff and Jarrett when they returned to Grogan's with Jarrett's damaged wheelchair, the court will deny Grogan's' motion for summary judgment.

**IV. Conclusion**

Accordingly,

**IT IS ORDERED** that Duro-Med's motion for summary judgment (DE 64) is **DENIED**.

**IT IS FURTHER ORDERED** that Grogan's' renewed motion for summary judgment (DE 66) is **DENIED**.

Signed on February 26, 2007

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY